THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JACK D. WALTON, Defendant-Appellant.

(No. 11569; )

Fourth District—March 8, 1972.

John F. McNichols, of Defender Project, of Springfield, for appellant.

Lawrence E. Johnson, State's Attorney, of Urbana, for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

The Illinois Defender Project moved to withdraw as defendant's counsel stating that there was no justiciable issue and that the request for a review of this case is without merit.

The defendant pleaded guilty to burglary and was sentenced for one to five years in the penitentiary on a negotiated plea. The present motion was continued for 60 days, the defendant was notified, and the cause was continued for further suggestions, if any, by the defendant. None were filed.

The trial court appointed counsel. He explained fully the nature of the charge, the defendant's right to a trial either by jury or by a court, the possible consequences of the plea and inquired whether it was made due to any threat, mistreatment or misrepresentation, established that the plea was negotiated and that the State would make no recommendation for defendant's application for probation and, if probation was denied, would recommend a sentence of one to five years and established theft in 1963, disorderly conduct in 1964, an escape in 1966, and at least ██ The court took into account the defendant's prior record of petty that the defendant was actually caught in the building without authority.

one prior period of probation. The denial of probation was not an abuse of discretion. The State's Attorney made no objection to probation and after probation was denied, recommended the sentence of one to five years as he had agreed to do.

■■ We have examined the record in this case and conclude with the Illinois Defender Project that there is no merit in this appeal and in accordance with Supreme Court Rule 23 the judgment of the trial court should be affirmed.

Judgment affirmed.

TRAPP, P. J., and SIMKINS, J., concur.